# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 08-678V
Filed: February 27, 2013

```
************************************        NOT TO BE PUBLISHED
HEIDI JAGOE, parent of              *
M.J., a minor,                      *        Special Master Zane
                                    *
        Petitioner,                 *        Stipulation; Attorneys' Fees and Costs
                                    *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
************************************
```

*Ronald Craig Homer,* Conway, Homer & Chin- Caplan, P.C., for Petitioner;
*Ryan Daniel Pyles,* United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 25, 2013, the parties in the above-captioned case filed a Stipulation of Fact Concerning Attorneys' Fees and Costs (Stipulation) memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. After informal discussions with Respondent, Petitioner requests a total award of $89,490.67. Additionally, in accordance with General Order #9, Petitioner indicates that Petitioner has incurred out-of-pocket expenses in the total amount of $690.67. As explained below, the undersigned hereby awards the amount to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. Otherwise, the decision shall be made publicly available in its entirety. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Petitioner alleged that her child suffered neurological injuries as a result of his receipt of Inactivated Polio ("IPV"), Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), hepatitis B ("hep B"), and pneumococcal conjugate ("PCV") vaccinations on October 10, 2005. Amended Petition at 1-7. Petitioner failed to carry her burden to establish causation. Petitioner moved for judgment on the record. In the ruling on this motion, compensation was denied. *Decision*, dated September 25, 2012.

Despite the denial of compensation, Petitioner may still be awarded attorneys' fees and costs, when her petition is brought in good faith and has a reasonable basis. *See* 42 U.S.C. §300aa- 15(e)(1). Here, at the outset of this case, Petitioner appeared to have a reasonable basis, and counsel for Petitioner spent time preparing the case, gathering medical records and filing affidavits for Petitioner. Counsel for Petitioner took reasonable action by filing the motion for ruling on the record to get a quick resolution to the matter, thereby minimizing additional expenditure of resources and avoiding additional costs and expenses. In so doing, Petitioner's counsel acted in good faith. Petitioner had a reasonable basis for proceeding in that manner. Respondent does not contend that Petitioner failed to satisfy these criteria. Thus, Petitioner is eligible for an award of attorneys' fees and costs.

The parties have now stipulated that $88,880.00 is a reasonable amount to be awarded for attorneys' fees and costs as well as an additional $690.67 for personal costs incurred by the Petitioner. After reviewing the request, the court finds the stipulated amount of $88,800.00 for attorneys' fees and costs and $690.67 for Petitioner's personal costs to be reasonable. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' requests as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

**in a check made payable jointly to Petitioner (Heidi Jagoe) and Petitioner's counsel (Ronald Craig Homer, Conway, Homer & Chin- Caplan, P.C.) in the amount of $88,800.00; and**

**in a check made payable to Petitioner (Heidi Jagoe) the amount of $690.67.**

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]


**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.